

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ANTIGONOS SHIPPING LIMITED,

               Plaintiff,

  - against -

C & MERCHANT MARINE CO. LTD. a/k/a
C and MERCHANT MARINE CO., LTD. f/k/a
SEYANG SHIPPING CO. LTD.,

               Defendant.
------------------------------------------------------------X

08 CV 6201

## VERIFIED COMPLAINT

Plaintiff, ANTIGONOS SHIPPING LIMITED (hereafter referred to as "Plaintiff"), by and through its attorneys, Lennon, Murphy & Lennon, LLC, as and for its Verified Complaint against the Defendant, C & MERCHANT MARINE CO. LTD. a/k/a C and MERCHANT MARINE CO., LTD. f/k/a SEYANG SHIPPING CO. LTD. ("Defendant"), alleges, upon information and belief, as follows:

1.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 United States Code § 1333. This matter also arises under the Court's federal question jurisdiction within the meaning of 28 United States § 1331 and the New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards (9 U.S.C. § 201 *et seq.*) and/or the Federal Arbitration Act (9 U.S.C. § 1 *et seq.*).

2.    At all times material to this action, Plaintiff was, and still is, a foreign corporation, or other business entity, organized under, and existing by virtue of the laws of Cyprus.

3.    At all material times to this action, Plaintiff was the owner of the motor vessel "EURYDICE D" (hereinafter the "Vessel").

4. Upon information and belief, Defendant was, and still is, a foreign corporation, or other business entity, organized under, and existing by virtue of foreign law.

5. Pursuant to a charter party dated March 28, 2008 ("Charter Party"), Plaintiff chartered the Vessel to Defendant for a time charter trip with bulk coal via Newcastle, Australia to China.

6. Defendant redelivered the Vessel to Plaintiff on May 22, 2008, leaving an outstanding balance of $506,273.43 due in hire and other items as per the Charter Party.

7. Defendant made a partial payment toward the hire owed in the amount of $331,242.00 on June 9, 2008.

8. Defendant has failed to pay the remaining hire due and owing to Plaintiff in breach of the Charter Party.

9. As a result of Defendant's breach of the Charter Party, Plaintiff has incurred damages in the approximate amount of $175,031.43, exclusive of interest, arbitration costs and attorneys fees. *See Invoice annexed hereto as Exhibit "1."*

10. In accordance with the Charter Party, disputes between the parties are to be submitted to arbitration in London with English law to apply.

11. Despite due demand, Defendant has failed to pay the amounts due and owing to Plaintiff.

12. Plaintiff will initiate arbitration after the commencement of this action and jurisdiction is obtained over Defendant.

13. This action is brought in order to obtain jurisdiction over Defendant and also to obtain security for Plaintiff's claims and in aid of arbitration proceedings.

14. Interest, costs and attorneys' fees are routinely awarded to the prevailing party under English Law. Section 63 of the English Arbitration Act of 1996 specifically allows for recovery of these items as part of an award in favor of the prevailing party. As best as can now be estimated, Plaintiff expects to recover the following amounts at arbitration as the prevailing party:

| | | |
|---|---|---|
| A. | Principal claim – | $175,031.43; |
| B. | Estimated interest on claim - 3 years at 8.5% compounded quarterly: | $50,237.28; |
| C. | Estimated arbitration costs: | $25,000.00; and |
| D. | Estimated attorneys' fees and expenses: | $40,000.00 |
| **Total:** | | **$290,368.71.** |

15. The Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendant has, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of garnishees within the District which are believed to be due and owing to the Defendant. *See Affidavit of Kevin J. Lennon annexed hereto as Exhibit "2."*

16. The Plaintiff seeks an order from this Court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching, *inter alia*, any assets of the Defendant held by any garnishees within the District for the purpose of obtaining personal jurisdiction over the Defendant and to secure the Plaintiff's claim as described above.

**WHEREFORE**, Plaintiff prays:

A. That process in due form of law issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Complaint failing which default judgment be entered against it;

B. That since the Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all goods, chattels, credits, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any other funds up to the amount of **$290,268.71** belonging to, due or being transferred to, from, or for the benefit of the Defendant, including but not limited to such property as may be held, received or transferred in Defendant's name or as may be held, received or transferred for its benefit at, moving through, or within the possession, custody or control of banking/financial institutions and/or other institutions or such other garnishees to be named, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

C. That the Court retain jurisdiction to compel the Defendant to arbitrate in accordance with the United States Arbitration Act, 9 U.S.C. § 1 *et seq.*;

D. That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof;

E. That this Court recognize and confirm any arbitration award(s) or judgment(s) rendered on the claims set forth herein as a Judgment of this Court;

4

F. That in the alternative, this Court enter Judgment against the Defendant on the claims set forth herein;

G. That this Court award Plaintiff the attorneys' fees and costs incurred in this action; and

H. That the Plaintiff has such other, further and different relief as the Court may deem just and proper.

Dated: July 8, 2008
New York, NY

The Plaintiff,
ANTIGONOS SHIPPING LIMITED

By: _____
Kevin J. Lennon
Patrick F. Lennon
Nancy R. Peterson (Siegel)

LENNON, MURPHY & LENNON, LLC
420 Lexington Avenue, Suite 300
New York, NY 10170
(212) 490-6050 - phone
(212) 490-6070 – facsimile
kjl@lenmur.com
pfl@lenmur.com
nrp@lenmur.com

## ATTORNEY'S VERIFICATION

State of New York   )
                    )   ss.:   City of New York
County of New York  )

1. My name is Nancy R. Peterson.

2. I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3. I am an associate in the firm of Lennon, Murphy & Lennon, LLC attorneys for the Plaintiff.

4. I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5. The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

6. The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiff and agents and/or representatives of the Plaintiff.

7. I am authorized to make this Verification on behalf of the Plaintiff.

Dated:   July 8, 2008
         New York, NY

                                          _____
                                          Nancy R. Peterson